■ GANDY MACHINERY, INC., Respondent-Appellant, v MARION M. POGUE, as Executrix of GEORGE C. POGUE, DECEASED, APPEL-

lant-Respondent. — Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered August 22, 1983 in Delaware County, upon a decision of the court at Trial Term (Harlem, J.), without a jury.

In June of 1978, defendant agreed to purchase 100 head of beefalo from one Richard Johnson at a price of $66,000. Defendant financed $33,000 of the total purchase price through a local bank, which is not a party to this action, and with the assistance of Johnson, financing of the remaining $33,000 was arranged with plaintiff. Pursuant to this arrangement, defendant executed a note and security agreement giving plaintiff a security interest in 50 head of beefalo. Defendant also executed a bond and mortgage covering his residence. Plaintiff paid $26,165.40 directly to the breeder from whom Johnson had purchased the 50 head of beefalo at that price. The 50 beefalo steers were thereafter delivered to defendant. When defendant failed to pay the full amount of the principal and interest due on January 1, 1979, plaintiff commenced this action to foreclose on the mortgage. Following a trial without a jury, the trial court rejected defendant's claims of fraud and usury and determined that plaintiff was entitled to a judgment of foreclosure. The trial court also awarded plaintiff attorney's fees in the amount of $2,000. Both parties have appealed.[*]

Defendant first maintains that plaintiff failed to prove that it was the holder of the bond and mortgage. Defendant, however, admitted that he executed the bond and mortgage, and the instrument, submitted into evidence by plaintiff, lists plaintiff as the mortgagee. The record plainly establishes that plaintiff was in possession of the instrument, and there was no evidence of any assignment or other transfer by plaintiff. Under these circumstances, plaintiff made out a prima facie case of ownership and nonpayment (see *Isaacson v Karpe,* 84 AD2d 868).

Next, defendant argues that the trial court erred in rejecting his claim of usury, which is based on the fact that although defendant indebted himself in the amount of $33,000, plaintiff only parted with $26,165.40. Usury is an affirmative defense (see *North Broadway Funding Corp. v Freed,* 45 AD2d 759) and a heavy burden rests upon the party seeking to impeach a transaction for usury (*Brown v Robinson,* 224 NY 301). That burden requires that usury be proved by clear evidence as to all its elements, and usury will not be presumed (*Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 594). "On the contrary when the terms of the agreement are in issue, and the evidence is

---

[*] Defendant died prior to the argument of this appeal and has been substituted as party defendant by the executrix of his estate.

conflicting, the lender is entitled to a presumption that he did not make a loan at a usurious rate" (*Giventer v Arnow*, 37 NY2d 305, 309). Application of these general principles to the case at bar reveals the lack of merit in defendant's argument. Defendant's claim that usury was established since he agreed to repay plaintiff $33,000 in return for plaintiff's payment of $26,165.40 requires a myopic view of the transaction, a view which is not supported by the record. The evidence concerning the exact terms of the parties' arrangement, whereby plaintiff retained a portion of the loan proceeds is conflicting at best. But there is ample support for the trial court's conclusion that underlying the arrangement was the bargain whereby defendant agreed to purchase a specified number of beefalo at a specified price and that this bargain was fulfilled. We agree with the trial court that defendant failed to meet his burden of proving the transaction usurious.

As to plaintiff's cross appeal concerning the amount of the attorney's fees to which plaintiff was entitled pursuant to the terms of the mortgage, the trial court found the $16,052 claimed by counsel to be excessive. The trial court based this finding upon two factors: first, that a substantial part of the work included in the claim resulted from delays attributable to plaintiff's counsel and, second, that counsel's hourly rate was manifestly excessive. The court concluded that $2,000 was the reasonable amount of attorney's fees necessary to prosecute the action, and we see no basis for disturbing this award (see *Federal Land Bank v Ambrosano*, 89 AD2d 730, 731-732).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.