■ MBL LIFE ASSURANCE CORPORATION, Appellant-Respondent, v 555 REALTY Co. et al., Respondents-Appellants. [658 NYS2d 122] —In an action to foreclose a mortgage upon real property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated September

20, 1995, as denied that branch of its motion which was for summary judgment on the second and third causes of action asserted in its complaint, and the defendants cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing those causes of action.

Ordered that the order is modified, on the law, (1) by deleting therefrom the provision which denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action and substituting therefor a provision granting that branch of the motion, and (2) deleting therefrom the provision which denied that branch of the cross motion which was for summary judgment dismissing the third cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, insofar as appealed and cross-appealed from, without costs or disbursements.

At issue on the appeal and cross appeal in this foreclosure action is whether the limited exculpatory clauses of the mortgage and note imposed liability on the defendants for a deficiency judgment. The Supreme Court concluded that issues of fact regarding the meaning of the provisions precluded summary judgment. We disagree.

Where the language of an agreement is free from ambiguity, its meaning may be determined as a matter of law without resort to extrinsic evidence (see, Chimart Assocs. v Paul, 66 NY2d 570, 572-573; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 291; Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs., 174 AD2d 714). Because this action is based upon a written agreement, the parties agree that the facts are not in dispute, and do not rely on any parol evidence to shed light on the meaning of the agreement, the interpretation of the agreement presented an issue of law to be resolved on the parties' respective motions for summary judgment (see, Sutton v East Riv. Sav. Bank, 55 NY2d 550, 554; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra; Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs., supra).

The defendants' interpretation of the clauses in question would render them meaningless, and we decline to adopt such a construction (see, Two Guys From Harrison-N.Y. v S.F.R. Realty Assocs., 63 NY2d 396, 403; Hudson Val. Props. & Rentals v Ursuline Provincialate, 221 AD2d 507, 509). The plaintiff is therefore entitled to summary judgment on the second cause of action for a deficiency judgment.

It is settled, however, that a claim of conversion cannot be predicated on a mere breach of contract (see, Peters Griffin

*Woodward v WCSC, Inc.,* 88 AD2d 883). Because the plaintiff failed to submit evidence demonstrating a wrong independent from the contract claim, the defendants are entitled to dismissal of the third cause of action to recover damages for conversion. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.