IRA HOCHMAN et al., Respondents, v ROBERT LAREA et al., Defendants, and MAJOR AUTO COMPANIES, INC., Formerly Known as FIDELITY HOLDINGS, INC., Appellant. [789 NYS2d 300]—

In an action, inter alia, to recover damages for breach of contract, the defendant Major Auto Companies, Inc., formerly known as Fidelity Holdings, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau

County (Warshawsky, J.), entered May 29, 2003, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) an order of the same court entered October 14, 2003, as, upon reargument, adhered to that portion of the order entered May 29, 2003, which denied those branches of its motion which were, in effect, to dismiss the causes of action alleging breach of contract and unjust enrichment insofar as asserted against it, based on the affirmative defense of usury.

Ordered that the appeal from so much of the order entered May 29, 2003, as denied those branches of the appellant's motion which were to dismiss the causes of action alleging breach of contract and unjust enrichment insofar as asserted against it is dismissed, as that portion of the order was superseded by the order entered October 14, 2003, made upon reargument; and it is further,

Ordered that the order entered May 29, 2003, is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the cause of action to recover damages for conversion and substituting therefor a provision granting that branch of the motion; as so modified, the order entered May 29, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered October 14, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appellant asserted in a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7) that one of the transactions underlying this action involved a criminally usurious loan. However, usury is an affirmative defense, and a heavy burden rests upon the party seeking to impeach a transaction based upon usury (*see Gandy Mach. v Pogue,* 106 AD2d 684 [1984]). Thus, usury must be proved by clear and convincing evidence as to all its elements and usury will not be presumed (*see Freitas v Geddes Sav.& Loan Assn.,* 63 NY2d 254, 261 [1984]; *Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 594 [1981]; *Giventer v Arnow,* 37 NY2d 305, 309 [1975]). Here, the appellant's contention is premature as the action is based upon an alleged oral agreement. The appellant may assert the affirmative defense of usury in its answer and attempt to develop facts to support such a defense.

Contrary to the appellant's contention, the complaint adequately states causes of action to recover damages based on unjust enrichment and in quantum meruit. Where, as here, there is a bona fide dispute as to the existence of a contract, or

where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quasi-contract as well as breach of contract, and will not be required to elect his or her remedies (*see Zuccarini v Ziff-Davis Media,* 306 AD2d 404 [2003]; *Old Salem Dev. Group v Town of Fishkill,* 301 AD2d 639 [2003]).

However, the cause of action alleging conversion should have been dismissed because a claim of conversion cannot be predicated on a mere breach of contract (*see Hassett-Belfer Senior Hous. v Town of N. Hempstead,* 270 AD2d 306 [2000]; *Wolf v National Council of Young Israel,* 264 AD2d 416 [1999]; *MBL Life Assur. Corp. v 555 Realty Co.,* 240 AD2d 375 [1997]).

The appellant's remaining contentions are without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.