■ EAST END LABORATORIES, INC., Respondent-Appellant, v TERESA SAWAYA et al., Appellants-Respondents. [914 NYS2d 250]—

In an action, inter alia, to recover damages for breach of fiduciary duty and conversion, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 25, 2009, as denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the fifth cause of action for failure to state a cause of action, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, third, and fourth causes of action for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the fifth cause of action for failure to state a cause of action is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff alleged that it entered into an agreement with nonparty Altaire Pharmaceuticals, Inc. (hereinafter Altaire). Pursuant to the agreement, the plaintiff would acquire customers for Altaire, and when those customers placed orders with Altaire, the plaintiff would earn a commission which would be added to the customers' purchase price. The plaintiff alleged, among other things, that the defendants, the sole owners and officers of Altaire, failed to pay it the commissions due and instead retained those funds.

The Supreme Court erred in denying that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the fifth cause of action, sounding in conversion, for failure to state a cause of action. " '[A] claim of conversion cannot be predicated' on a mere breach of contract' " (*Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 112 [2009], quoting *MBL Life Assur. Corp. v 555 Realty Co.*, 240 AD2d 375, 376 [1997]). Although " 'a contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract' " (*Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d at 113, quoting *North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 179 [1968]), here, the complaint failed to set forth allegations which would constitute a wrong separate and distinct from an alleged breach of contract which could give rise to independent tort liability (*see Hochman v LaRea*, 14 AD3d 653, 655 [2005]; *MBL Life Assur. Corp. v 555 Realty Co.*, 240 AD2d at 376). Accordingly, that branch of the defendants' motion which was to dismiss the cause of action sounding in conversion should have been granted.

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the first and second causes of action to recover damages for breach of fiduciary duty, the third cause of action for the imposition of a constructive trust, and the fourth cause of action for an accounting, for failure to state a cause of action. While the allegations in the complaint may be sufficient to allege that a fiduciary relationship existed between the plaintiff and Altaire, they were insufficient to allege the existence of a relationship between the plaintiff and the defendants (*see Brasseur v Speranza*, 21 AD3d 297, 298 [2005]; *cf. AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]). Furthermore, in the absence of a fiduciary relationship, the complaint fails to state a cause of action

for the imposition of a constructive trust (*see First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1138 [2010]; *Rocchio v Biondi*, 40 AD3d 615, 616 [2007]), or for an accounting (*see Akkaya v Prime Time Transp., Inc.*, 45 AD3d 616, 617 [2007]; *Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.*, 16 AD3d 403, 404 [2005]). Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.