SHANA WEISS et al., Respondents, v MICHAEL TAYLOR, LTD., Defendant, and MICHAEL TAYLOR, Appellant. [944 NYS2d 903]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendant Michael Taylor appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated May 23, 2011, as denied those branches of his motion which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Michael Taylor which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against him are granted.

The Supreme Court erred in denying that branch of the motion of the defendant Michael Taylor (hereinafter Taylor), which was for summary judgment dismissing the first cause of action, which alleged breach of contract, insofar as asserted against him. Taylor established, prima facie, that he entered into the alleged agreement in his capacity as the president of Michael

Taylor, Ltd. In opposition, the plaintiffs failed to raise a triable issue of fact as to the existence of circumstances that would entitle them to pierce the corporate veil to impose personal liability on Taylor (*see Village Auto Ctr., Inc. v Haimson,* 72 AD3d 805, 806 [2010]; *Williams v Lovell Safety Mgt. Co., LLC,* 71 AD3d 671, 672 [2010]).

Furthermore, the Supreme Court erred in denying that branch of Taylor's motion which was for summary judgment dismissing the third cause of action, which alleged conversion, insofar as asserted against him. Taylor established his prima facie entitlement to judgment as a matter of law by showing that this cause of action, as pleaded, was predicated on a mere breach of contract (*see Weinstein v Natalie Weinstein Design Assoc., Inc.,* 86 AD3d 641, 642 [2011]; *East End Labs., Inc. v Sawaya,* 79 AD3d 1095, 1096 [2010]; *Wolf v National Council of Young Israel,* 264 AD2d 416, 417 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Finally, Taylor was properly awarded summary judgment dismissing the fifth cause of action insofar as asserted against him. In opposition to his prima facie showing of entitlement to judgment as a matter of law (*see Ort v Ort,* 78 AD3d 1138, 1138 [2010]; *Light v Light,* 64 AD3d 633, 634 [2009]), the plaintiffs failed to raise a triable issue of fact (*see generally High Tides, LLC v DeMichele,* 88 AD3d 954, 957-958 [2011]). Rivera, J.P., Belen, Sgroi and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31407(U).]**