■ S. DAVID JAGARNAUTH, Appellant, v MASSEY KNAKAL REALTY SERVICES, INC., et al., Respondents. [961 NYS2d 415]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 3, 2012, which, in this action seeking to recover a real estate co-brokerage commission, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on his complaint alleging causes of action for breach of contract, unjust enrichment, conversion, and tortious interference with contract, unanimously affirmed, with costs.

We find that the court properly granted defendants' motion for summary judgment, dismissing plaintiff's complaint, since the plain language of the co-brokerage agreement does not support plaintiff's breach of contract claim. The agreement provided for an April 15, 2004, expiration date for plaintiff to receive a co-brokerage commission on the sale of the property. It also provided that "in the event that a contract of sale has been executed by Owner and Prospective Buyer on or before said date, this agreement shall continue in full force and effect until the closing of the sale." While plaintiff assisted with the negotiation of the first contract of sale that was executed on October 18,

2003, that contract of sale was properly cancelled by the seller on May 18, 2004. Plaintiff, who was not at all involved in the second contract of sale, executed more than two years later, was not entitled to a co-brokerage commission based on that contract of sale (*see Helmsley-Spear, Inc. v 150 Broadway N.Y. Assoc.*, 251 AD2d 185, 186 [1st Dept 1998]).

The evidence was sufficient to demonstrate that plaintiff was not the "procuring cause" of the sale of the property so as to earn a real estate brokerage commission (*see Greene v Hellman*, 51 NY2d 197, 205-207 [1980]; *see Good Life Realty, Inc. v Massey Knakal Realty of Manhattan, LLC*, 93 AD3d 490, 491 [1st Dept 2012]). The fact that plaintiff introduced the buyer and the sellers was insufficient to establish his entitlement to commissions resulting from the sale (*see Greene* at 206-207). There was no "direct and proximate link" to the purchase (*see id.*; *Cushman & Wakefield v 214 E. 49th St. Corp.*, 218 AD2d 464, 467 [1st Dept 1996], *lv denied* 88 NY2d 816 [1996]), since plaintiff's own testimony supports the conclusion that he had no communications with the buyer about the property from 2004 until after the closing and that he did not discuss the transaction with the buyer, sellers or defendants from 2004 to 2007 (*see generally Brandenberg v Waters Place Assoc., L.P.*, 17 AD3d 615 [2d Dept 2005]).

Plaintiff is not entitled to recover a co-brokerage commission under a theory of unjust enrichment since his efforts, which occurred two years prior to the consummation of the sale of the property, were unsuccessful (*see Orenstein v Brum*, 27 AD3d 352, 353 [1st Dept 2006]). In any event, plaintiff's claim is barred by the existence of the co-brokerage agreement governing this subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]).

A cause of action for conversion "cannot be predicated on a mere breach of contract" (*East End Labs., Inc. v Sawaya*, 79 AD3d 1095, 1096 [2d Dept 2010]). In any event, plaintiff failed to establish that he has a legal right to possession of the co-brokerage commission (*see Weisman, Celler, Spett & Modlin v Fein*, 225 AD2d 508 [1st Dept 1996]).

The court properly dismissed plaintiff's claim for tortious interference with contract, since he failed to prove the existence of a valid contract with a third party, and that there was breach of contract by the third-party buyer to support his claim (*see Benjamin Goldstein Prods. v Fish*, 198 AD2d 137, 138 [1st Dept 1993]). Concur—Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.