13-667-cv
Zhao v. Wang

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand fourteen.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges,*

------------------------------------------------------------------------
HUI QUN ZHAO,

*Plaintiff-Appellant,*

v.                                                                No. 13-667-cv

YU QI WANG,

*Defendant-Appellee.*
------------------------------------------------------------------------

FOR APPELLANT:                Salamon Davis, Esq., Garden City, New York.

FOR APPELLEE:                 Douglas T. Burns, Esq., New York, New York;
                              John Tumelty, Esq., New York, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 24, 2013, is AFFIRMED.

Hui Qun Zhao appeals from an award of summary judgment in favor of defendant Yu Qi Wang, dismissing as time-barred Zhao's 2010 claims for replevin and conversion with respect to ten paintings removed from Zhao's home in 1997. We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the non-movant, reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

For substantially the reasons stated by the magistrate judge in her thorough and thoughtful memorandum and order, we conclude that under any of the parties' theories for how Wang came into possession of the subject paintings, Zhao has no timely cause of action against Wang for replevin or conversion.[2] Whether Zhao's claim sounds in

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73, the parties consented to the magistrate judge exercising jurisdiction over all proceedings in this case.

[2] Like the magistrate judge, we do not resolve the parties' competing claims to title in the paintings. Thus, we express no view as to whether Zhao may have any viable future claim if Wang attempts to transfer title to or possession of the paintings.

replevin or conversion, it is governed by a three-year statute of limitations. See N.Y. C.P.L.R. § 214(3); Songbyrd, Inc. v. Estate of Grossman, 206 F.3d 172, 181 (2d Cir. 2000). That limitations period begins to run when the property is taken, "even where the property owner was unaware of the unlawful taking at the time it occurred." DeWeerth v. Baldinger, 836 F.2d 103, 106 (2d Cir. 1987); see Vigilant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex., 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 347 (1995). Although Zhao's complaint originally alleged that Wang, who created many of the paintings, acquired them from an unknown thief, who stole them from Zhao's apartment in 1997, Wang admits, and Zhao does not appear to dispute, that Wang removed the paintings from Zhao's apartment. Thus, if Wang unlawfully removed the paintings in 1997, Zhao's 2010 claims for replevin and conversion against him are time-barred regardless of whether Zhao was aware that Wang was the thief.

In urging otherwise, Zhao points to Wang's assertion that he took possession of the paintings in 1997 in good faith. Zhao argues that, under the demand-and-refusal rule applicable to a good-faith possessor, the statute of limitations did not begin to run until he demanded Wang return the paintings in 2010. See Solomon R. Guggenheim Found. v. Lubell, 77 N.Y.2d 311, 317–318, 567 N.Y.S.2d 623, 626 (1991) ("[A] cause of action for replevin against the good-faith purchaser of a stolen chattel accrues when the true owner makes a demand for return of the chattel and the person in possession of the chattel refuses to return it" because "[u]ntil demand is made and refused, possession of the stolen property by the good-faith purchaser for value is not considered wrongful"). We disagree. It is

3

well-settled that where, as here, an alleged good-faith possessor learns of a competing claim to the title, demand is rendered futile. See New York v. Seventh Regiment Fund, 98 N.Y.2d 249, 260, 746 N.Y.S.2d 637, 646 (2002) (holding demand futile where circumstances show good-faith possessor knows he has no right to goods). Accordingly, if, as Wang contends, he was engaging in self-help when he removed the paintings from Zhao's apartment because Zhao had breached the parties' agreement, the statute of limitations began to run when Zhao informed Wang in a 1997 telephone call that the paintings were missing and that he considered them wrongfully taken. Wang's alleged silence in response does not create a genuine issue of material fact as to good-faith possession sufficient to trigger the demand-and-refusal rule or to defeat summary judgment.

No different conclusion is warranted by Zhao's newly raised argument that Wang took possession of the paintings for exhibition as permitted by the parties' 1991 agreement, and therefore no conversion occurred until 2010 when Zhao requested their return. Because such a claim turns entirely on the issue of breach, it sounds in contract, not conversion. See MBL Life Assurance Corp. v. 555 Realty Co., 240 A.D.2d 375, 376–77, 658 N.Y.S.2d 122, 124 (2d Dep't 1997) ("It is settled, however, that a claim of conversion cannot be predicated on a mere breach of contract. Because the plaintiff failed to submit evidence demonstrating a wrong independent from the contract claim, the defendants are entitled to dismissal of the third cause of action to recover damages for conversion."

4

(citations omitted)).   Zhao asserts no cause of action for breach of contract, and we decline to rule on the timeliness or merits of such a claim in the first instance.

We have considered all of Zhao's remaining arguments and find them to be without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court