Ebury Fund 1, LP v Arque Tax Receivable Fund, LP (2019 NY Slip Op 06744)





Ebury Fund 1, LP v Arque Tax Receivable Fund, LP


2019 NY Slip Op 06744


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-13285
 (Index No. 50785/18)

[*1]Ebury Fund 1, LP, appellant,
v
Arque Tax Receivable Fund, LP, et al., respondents.


Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Brendan M. Goodhouse of counsel), for respondent David Bullock.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and conversion, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 28, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and conversion. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the second, third, and fourth causes of action. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which was asserted against the defendant David Bullock to recover damages for conversion.
"[A] claim of conversion cannot be predicated on a mere breach of contract" (East End Labs., Inc. v Sawaya, 79 AD3d 1095, 1096, [internal quotation marks omitted]; see Sommer v Federal Signal Corp., 79 NY2d 540, 551-552). Since the plaintiff "failed to set forth allegations which would constitute a wrong separate and distinct from an alleged breach of contract which could give rise to independent tort liability" (East End Labs., Inc. v Sawaya, 79 AD3d at 1096; see Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 824; Weiss v Michael Taylor, Ltd., 95 AD3d 1305, 1306), we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court