18-3044-cv
*Blue Citi LLC v. 5Barz International Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**R**ULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. **C**ITATION TO A SUMMARY ORDER FILED ON OR AFTER **J**ANUARY **1, 2007,** IS PERMITTED AND IS GOVERNED BY **F**EDERAL **R**ULE OF **A**PPELLATE **P**ROCEDURE **32.1** AND THIS COURT'S **L**OCAL **R**ULE **32.1.1.** **W**HEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE **F**EDERAL **A**PPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). **A** PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of March, two thousand twenty.

PRESENT:    DENNIS JACOBS,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BLUE CITI LLC, a New York Limited Liability
company,

                    *Plaintiff-Appellee*,

            -v-                                         18-3044-cv

5BARZ INTERNATIONAL INC., a Nevada
corporation,

                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE: JEFFREY FLEISCHMANN, Law Office of Jeffrey Fleischmann, P.C., New York, New York.

FOR DEFENDANT-APPELLANT: MARK R. BASILE (Marjorie Santelli, *on the brief*), The Basile Law Firm P.C., Jericho, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant 5Barz International Inc. ("5Barz") appeals from a final judgment entered by the district court on September 20, 2018 awarding plaintiff-appellee Blue Citi LLC ("Blue Citi") $180,204.36 in damages, $116,950 in prejudgment interest, and $5,837.12 in attorneys' fees based on 5Barz's breach of a convertible promissory note (the "Note"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, 5Barz argues the Note was criminally usurious and is therefore void *ab initio*. On August 26, 2015, 5Barz issued the Note, with a face value of $110,000, in exchange for Blue Citi's payment of $100,000. The terms of the Note required 5Barz to repay the face value plus 10% interest by August 26, 2016. Alternatively, Blue Citi had the option to convert any portion of the $110,000 face value of the Note into shares of 5Barz common stock, at a fixed percentage discount to the market price. On

-2-

December 30, 2015, Blue Citi attempted to exercise that option by giving 5Barz written notice that it wanted to convert $83,600 of the Note into 1,857,777 shares of 5Barz's stock. 5Barz did not honor the conversion request, and Blue Citi ultimately sued, *inter alia*, for breach of contract.

After filing its complaint, Blue Citi moved for partial summary judgment, seeking specific performance of its December 30, 2015 notice of conversion. In its motion, Blue Citi specifically asked the court to strike 5Barz's criminal usury defense, which had been raised in one sentence in 5Barz's answer. In one sentence of its opposition motion, 5Barz generally objected to the court striking its defenses, but it did not defend against Blue Citi's argument that5Barz's criminal usury defense, specifically, should be stricken. Indeed, 5Barz's opposition motion did not refer to the criminal usury defense at all. On August 28, 2017, the district court granted Blue Citi's motion for partial summary judgment and ordered 5Barz to convert $83,600 of the Note into 1,857,777 shares of 5Barz stock (the "First Order"). The court further ordered Blue Citi to move for summary judgment on its remaining causes of action by September 15, 2017.

On September 13, 2017, Blue Citi filed a second motion for partial summary judgment seeking damages for the difference in stock price from when it made its initial conversion demand on December 30, 2015 and when 5Barz delivered the stock on September 1, 2017. Blue Citi also sought attorneys' fees. 5Barz cross-moved to

vacate the First Order on the grounds that the Note was criminally usurious and therefore void *ab initio* and moved for judgment on the pleadings on all remaining claims. By memorandum and order dated September 19, 2018, the district court granted Blue Citi's motion. The court found that 5Barz waived its criminal usury defense by not raising it when Blue Citi filed its first motion for partial summary judgment, and that Blue Citi was precluded from pursuing the defense by virtue of the law of the case. Alternatively, the court went on to hold that even if the defense were considered, it lacked merit. Judgment was entered the following day. On appeal, 5Barz argues principally that the criminal usury defense cannot be waived, and that the Note was criminally usurious under N.Y. Penal Law § 190.40.

We review whether a defense has been waived for abuse of discretion. *Brown v. City of New York*, 862 F.3d 182, 187 (2d Cir. 2017). Although we have the discretion to consider waived arguments, we only do so "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005).

Here, the district court found that 5Barz waived its criminal usury defense when it failed to raise it in response to Blue Citi's initial motion for partial summary judgment. In that motion, Blue Citi specifically challenged the validity of the defense, yet 5Barz did not address it in its opposition motion. Moreover, after the court ruled,

-4-

5Barz did not ask for reconsideration but instead delivered the requisite shares. Accordingly, the district court did not abuse its discretion in determining that 5Barz waived its criminal usury defense, *see Power Up Lending Grp., Ltd. v. Cardinal Res., Inc.*, 74 N.Y.S.3d 67, 68 (2d Dep't 2018) (noting criminal usury is an affirmative defense that can be waived); *Hochman v. LaRea*, 789 N.Y.S. 2d 300, 301 (2d Dep't 2005) (describing criminal usury as an "affirmative defense"), and we need not reach the merits of whether the Note is criminally usurious.

\* \* \*

We have considered 5Barz' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk