Rojan Mgt., Inc v Melville Massage & Acupuncture, PLLC (2026 NY Slip Op 50275(U))

[*1]

Rojan Mgt., Inc v Melville Massage & Acupuncture, PLLC

2026 NY Slip Op 50275(U)

Decided on March 9, 2026

Supreme Court, Suffolk County

Matthews, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2026
Supreme Court, Suffolk County

Rojan Management, Inc and JAJ MARKETING, INC., Plaintiffs,

againstMelville Massage and Acupuncture, PLLC, NICOLE COMPITO, MARTIN R. LEVY, PETER AREBALO, and MATTHEW GRIMA, MNP MANAGEMENT INCORPORATED, d/b/a CIRCLE WELLNESS, and ENSO ACUPUNCTURE AND MASSAGE, PLLC, Defendants.

Index No. 614282/2025

Plaintiffs' Attorney:Jeffery I. Baum & Associates 
666 Old Country Road 
Suite 501 
Garden City, NY 11530Defendants' Attorney:Raimondi Law, P.C. 
552 Broadway 
Massapequa, NY 11758

James F. Matthews, J.

Upon the following papers read on defendants' motion to dismiss pursuant to CPLR § 3211(a)(1) and (7) and CPLR § 3016 (Motion Seq. 001) and plaintiffs' cross-motion for leave to amend the complaint pursuant to CPLR § 3025 (Motion Seq. 002), NYSCEF e-filed documents numbered 23 through 39, and upon due deliberation and consideration given to the foregoing papers, and upon oral argument before this Court, the motions are decided as follows:
Plaintiffs allege they provided management and marketing services to defendant medical services provider Melville Massage and Acupuncture, PLLC ("Melville"), at medical offices plaintiffs managed under the name Heka Health and Wellness ("Heka"). The parties entered into two contracts in January of 2023: a Management Services Agreement for a monthly fee of $75,000 to provide administrative and managements services such as scheduling, billing and non-medical staffing; and a Marketing Agreement for a monthly fee of $45,000 to provide marketing and promotion services (see NYSCEF No. 26, 27). Per the contracts, both fees are [*2]payable from defendants' monthly receivables.
Plaintiffs' complaint alleges causes of action as follows: first cause of action for breach of contract with respect to the two agreements; second cause of action for tortious interference with contract against all defendants except Melville; third cause of action for deceptive business practices under General Business Law § 349 against all defendants; fourth cause of action for defamation against defendants Peter Arebalo, Matthew Grima, Nicole Compito and Martin R. Levy; fifth cause of action for conversion against defendant Levy; seventh cause of action for breach of fiduciary duty of loyalty to plaintiffs by defendant Compito; and the eighth cause of action for unjust enrichment against all defendants except Melville.
The complaint alleges that defendants Arebalo, Grima, Compito and Levy conspired to create defendant MNP Management Incorporated d/b/a Circle Wellness ("MNP") and Enso Acupuncture and Massage, PLLC ("Enso") as a means of avoiding Melville's contract obligations to plaintiffs and to direct Melville patients to their new location for medical treatment. Defendants Arebalo, Grima and Levy are medical professionals who own and operate Melville and MNP and Enso. Plaintiffs allege that the individual defendants defamed plaintiffs as part of their efforts to re-direct patients to a different location where Enso provided medical services. The management services at this new office were performed by MNP. Plaintiffs also allege that defendants falsely told patients that "Heka", the name of the medical center plaintiffs operated, had moved to the premises being operated as Circle of Wellness.
"On a motion to dismiss a complaint pursuant to CPLR § 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (see Hughes v Vento, 226 AD3d 753, 754 [2d Dept 2024], citing Leon v Martinez, 84 NY2d 83, 87-88, 638 NE2d 511 [1994]; Hello Beautiful Salons, Inc. v Dimoplon, 245 AD3d 800 [2d Dept 2026]; Jesberger v CVS Health Solutions, LLC, 222 AD3d 849, 849-850 [2d Dept 2023]).
Plaintiffs filed a cross-motion for leave to serve an amended complaint, to which defendants consented at the oral argument before this Court. The parties also consented on the record to the amended complaint being the subject of defendants' instant motion to dismiss. Therefore, this motion is based upon the amended complaint for which leave to filed is hereby granted on consent.
Plaintiffs' first cause of action alleges that defendant Melville breached the written contracts with plaintiffs. The amended complaint alleges the existence of two written and signed agreements, the Management Services Agreement and the Marketing Agreement, both signed by defendant Peter Arebalo as managing member of defendant Melville, that these agreements were breached by Melville, and that damages were sustained because of the breach. This Court finds without question that the amended verified complaint states a cause of action for breach of contract and therefore denies the motion to dismiss as to the first cause of action.
Plaintiffs' second cause of action is for tortious interference with contract. Plaintiffs allege that all defendants except Melville intentionally caused Melville to breach its written contracts with plaintiffs by creating Circle of Wellness to move Melville's patients from the Heka office to Circle of Wellness and also by slandering plaintiffs, resulting in losses of fees under the contract, consequential and reputational damages.
" 'To prevail on a claim for tortious interference with business relations, a party must prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of [*3]that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party' " (see Stuart's LLC v Edelman, 196 AD3d 711, 713 [2d Dept 2021], quoting 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 741 [2d Dept 2020]; Hello Beautiful Salons, supra).
Plaintiffs allege that defendants MNP and Enso are essentially the successors-in-interest to Melville and that the individually named defendants were all acting on behalf of or as agents of Melville, MNP and Enso. There can be no tortious interference with a contract between the same parties. The individual defendants were owners and actors on behalf of defendant Melville and were also the same persons who owned and/or acted on behalf of defendants MNP and Enso (see A.J. Temple Marble & Tile, Inc. v Long Island Rail Road, 256 AD2d 526, 527 [2d Dept 1998]; Murphy v Capone, 120 AD2d 714, 714 [2d Dept 1986]). "Thus, if one has an action for breach of contract, he should not also have a cause of action for inducement to breach against the same defendant" (see Ryan v Brooklyn Eye and Ear Hospital, 46 AD2d 87, 90 [2d Dept 1974]; Mallory Factor Inc. v Schwartz, 146 AD2d 465, 468 [1st Dept 1989]). Plaintiffs have alleged breach of contract for the first cause of action against defendants, which claim encompasses all claims alleged in the second cause of action. In any event, the tortious interference claim does not lie where, as here, the contracts at issue are between the plaintiffs and defendants, including those united in interest. To the extent that the amended complaint alleges that defendants tortiously interfered with plaintiffs' contracts with Melville, the second cause of action is dismissed.
This Court finds also that the allegations of the amended complaint are insufficient to allege tortious interference with Paradocs or any other unnamed third-party vendors. There is lacking any allegation of injury to the relationship of Paradocs, the only identified third party. In short, there are no allegations that defendants in any tangible way interfered in a malicious or wrongful manner with any third-party contracts that resulted in cognizable injury to plaintiffs' relationship with any third-party vendor. Tortious interference requires interference with a third-party contractual relationship and does not lie with respect to first-party contracts.
The third cause of action of the amended complaint alleges unfair business practices pursuant to New York General Business Law § 349. Plaintiffs allege that defendants engaged in deceptive practices in violation of this statute by falsely telling patients that "Heka" was now Circle Wellness and that Heka had moved its office location to lead them away from Heka to Circle Wellness. There are serious defects in this claim. First, plaintiffs have no relationship, contractual or otherwise, to Melville's patients. Plaintiffs are not medical care professionals and have a contractual relationship solely with Melville to provide management and marketing services. The patients who were contacted by defendants were patients of Melville, a licensed medical care provider, who were advised of a change of location and with an offer to re-schedule treatment appointments to the new location. The predicate for this claim is the allegation that patients were re-directed from Heka (plaintiffs' office name) to defendants' new office named Circle Wellness, where the patients' medical professionals had moved their practice. Plaintiffs' revenue loss stems from the move by Melville/ Enso to terminate their contracts with plaintiffs and move to a new location. 
To assert a valid General Business Law § 349 claim, it is necessary that the alleged harm and deceptive and unfair business practices affect the general public as opposed to an identifiable class (see North State Autobahn v Progressive Insurance Group Company, 102 [*4]AD3d 5 [2d Dept 2012]); Hello Beautiful Salons, Inc., supra). To qualify for a General Business Law § 349 claim, plaintiffs must first allege conduct which is "consumer oriented". Conduct found to meet this test included "an extensive marketing scheme" or "multi-media dissemination of information to the public" or that similarly situated consumers were affected; in short, the deceptive or unfair business practices "must have a broad impact on consumers at large" (see North Shore Autobahn, supra, at 11-12). The category of consumers in the case at bar are exclusively the patients who were treated at Heka by Melville. In Hello Beautiful Salons, the court found that the clients of plaintiff's salon, who were allegedly mislead via deception into appointments with a salon formed by plaintiff's former employees, did not have "a broad impact on consumers at large, and thus, the complaint failed to state a cause of action alleging a violation of General Business Law § 349" (Hello Beautiful Salons, supra, at 807). This Court finds that the allegations in the amended complaint in the subject action do not have "a broad impact on consumers at large," but rather are analogous to the allegations in Hello Beautiful Salons. Accordingly, the third cause of action in the amended complaint fails to allege sufficient facts upon which relief pursuant to General Business law § 349 could be granted.
The fourth cause of action alleges that defendants Arebalo, Grima, Compito and Levy negligently, carelessly and/or with reckless disregard for the truth published defamatory statements of and concerning plaintiffs to third parties.[FN1]
It is well-settled that a defamation cause of action requires proof of "(1) a false statement that tends to expose a person to pubic contempt, hatred, ridicule, aversion, or disgrace, (2) published without privilege or authorization to a third party, (3) amounting to fault as judged by, at a minimum, a negligence standard, and (4) either causing special damages or constituting defamation per se" (see Fernandes v Fernandez, 235 AD3d 724, 724 [2d Dept 2025], quoting Laguerre v Maurice, 192 AD3d 44, 50 [2d Dept 2020]). Ordinarily, special damages must be proven, however, where the alleged statements charge a serious crime or tend to harm plaintiffs' "trade, business or profession" such statements would constitute defamation per se, which does not require proof of special damages (see Fernandes, supra at 724; Epifani v Johnson, 65 AD3d 224, 233-236 [2d Dept 2009]).
The amended complaint alleges that the individually named defendants published, orally and in writing to third parties, statements asserting that plaintiffs "engaged in crimes, unethical and illegal conduct in connection with providing managerial and marketing services to Melville" (see NYSCEF No. 37 ¶ 60). The amended complaint further alleges that these statements were communicated to over 1500 Melville patients as well as plaintiffs' vendors and suppliers. The Court finds that the allegations in the amended complaint sufficiently allege a cause of action for defamation and therefore meet the pleading requirements of CPLR § 3016(a). 
The fifth cause of action alleges that defendant Levy converted medical machines and supplies purchased by plaintiffs for Melville's use without reimbursing plaintiffs from Melville's receivables pursuant to the management contract. The eighth cause of action alleges that defendants Enso, Arebalo, Grima, Compito and Levy were unjustly enriched because Melville [*5]breached its contract by not paying plaintiffs' fees from Melville's receivables. The relief sought by plaintiffs in both causes of action are based upon an alleged breach of contract by Melville and are therefore subsumed into the first cause of action for breach of contract and may not be asserted as independent causes of action. None of the allegations of conversion or unjust enrichment assert claims that are separate and distinct from the alleged breach of contract (see Ebury Fund 1, LP v Arque Tax Receivable Fund, LP, 175 AD3d 1486, 1487 [2d Dept 2019]; Jagarnauth v Massey Knakal Realty Services, Inc., 104 AD3d 564, 565 [1st Dept 2013]; East End Laboratories, Inc. v Sawaya, 79 AD3d 1095, 1095 [2d Dept 2010]).
The seventh, and last [FN2]
cause of action alleges that defendant Compito, while an employee of plaintiff Rojan Management, Inc. ("Rojan"), engaged in various acts detrimental to Rojan's pecuniary interest. Specifically, while being paid as Rojan's employee, Compito surreptitiously engaged in activities with defendants to relocate Melville's medical practice to a new location and to establish a management company under the name MNP Management Incorporated, of which she became an owner. These activities are alleged to have violated her duty of loyalty to Rojan's financial detriment. The "faithless servant doctrine" is a common law doctrine that can be the basis of a claim in New York. "New York law with respect to the disloyal or faithless performance of employment duties has developed for over a century. Firmly rooted in this state's jurisprudence is the principle that 'an employee is to be loyal to his [or her] employer and is "prohibited from acting in any manner inconsistent with his [or her] duties" ' (see City of Binghamton v Whalen, 141 AD3d 145, 146-147 [3d Dept 2016], internal citations omitted). Employees, therefore, have a fiduciary duty to their employers, the remedy for which is loss of compensation. It remains subject to proof that defendant Compito was in fact disloyal while on Rojan's payroll and, if so, how much of the compensation should be forfeited. This Court finds that the amended complaint states a valid cause of action for breach of the duty of loyalty. Accordingly, it is hereby
ORDERED, that defendants' pre-answer motion to dismiss is granted to the extent that the second, third, fifth and eighth causes of action are dismissed and is denied in all other respects, and it is further
ORDERED, plaintiffs' cross-motion for leave to file an amended complaint is granted, and it is further
ORDERED, plaintiff is directed to file the amended complaint within ten (10) days of the filing of this decision and order, and defendants are directed to file their answer to the amended complaint within thirty (30) days of the filing of the amended complaint, and it is further
ORDERED, that the parties are directed to appear before the undersigned for a preliminary conference on May 5, 2026 at 10:30 a.m.
The foregoing constitutes the decision and Order of the Court.
Dated: March 9, 2026Riverhead, New YorkE N T E R:Hon. James F. Matthews, JSC

Footnotes

Footnote 1:The court notes that the amended complaint also alleges that these defendants defamed plaintiffs' principals and members. Since those persons are not parties to this action, the court cannot consider any claims on their behalf. Plaintiffs, corporate entities, clearly have standing to assert the defamation claims. See, e.g., 600 West 115th Street Corp. v. Von Gutfeld, 169 AD2d 56, 64 (1st Dep't 1991).

Footnote 2:The amended complaint omitted a cause of action denoted as the "sixth" cause of action. Thus, there are seven total causes of action, all of which are addressed by the court.