■ ELAINE E. ENGLEMAN et al., Appellants-Respondents, v DAVID MC-KAY CO., INC., et al., Respondents-Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered May 16, 1979, granting the corporate defendant's motion for summary judgment and dismissing the complaint except for the fifth cause of action, unanimously modified, on the law, with costs and disbursements, to the extent of denying the motion and reinstating the dismissed causes of action, and, except, as thus modified, affirmed. While it is true, as contended, that defendant publishers did not have any direct communication with plaintiffs, ample support exists in this record for plaintiffs' contention that these defendants were fully aware of plaintiffs' relationship with the defendant, Dr. Atkins, and that plaintiffs were preparing and delivering recipes and formulae to him for eventual use in a book which defendants were to publish on Dr. Atkins' theories on weight reduction. Documentary evidence shows that the publishers were dealing with plaintiffs through Dr. Atkins in the preparation and submission of plaintiffs' materials. Thus, an issue of fact is presented as to whether Dr. Atkins was an agent, actual or apparent, of the publishers in his dealings with plaintiffs, or whether he was acting as a member of a common venture in which all of the parties were participants, or in any other capacity which would bind the publishers. Accordingly, it was inappropriate to grant summary judgment on the five causes of action which Special Term dismissed. As to the fifth cause of action, alleging a misappropriation of trade secrets, summary judgment was properly denied. Contrary to the publishers' contention, an issue of fact is presented as to whether plaintiffs' disclosures of their low-carbohydrate recipes and formulae contained specific and concrete information sufficient to constitute a property right warranting judicial protection. It does not matter that the information provided was oral. (*American Mint Corp. v Ex-Lax, Inc.*, 263 App Div 89.) In concluding, we note that the question to which we refer in the fifth cause of action is

also an issue in the third cause of action. Concur—Fein, J. P., Sullivan, Markewich, Sullivan and Ross, JJ.