■ Jasmine Bennett, Respondent, v Alexander O. John et al., Appellants.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated August 11, 1987, which denied their motion for (1) summary judgment dismissing the complaint, and (2) cancellation of the notice of pendency filed against the property.

Ordered that the order is modified by granting the motion to the extent of dismissing those branches of the complaint which sought specific performance of the contract and the imposition of a constructive trust or equitable lien on the property, and by canceling the notice of pendency, as so modified, the order is affirmed, without costs or disbursements.

The defendants established, by documentary proof, that the contract to sell the premises to the plaintiff had been canceled and that the down payment of $5,000 had been returned to the plaintiff at the request of her attorney. Accordingly, the defendants are entitled to dismissal of that branch of the complaint which sought specific performance of the contract.

Dismissal is also warranted with respect to that branch of the complaint which asserted a cause of action for the imposition of a constructive trust. The plaintiff has not sufficiently alleged, nor does the record establish, the existence of a "confidential or fiduciary relationship" between the parties, an element which is essential to an award of such relief *(see, Sharp v Kosmalski,* 40 NY2d 119; *Schwab v Denton,* 141 AD2d 714; *Scivoletti v Marsala,* 97 AD2d 401, *affd* 61 NY2d 806).

We do, however, find that the plaintiff has sufficiently stated a cause of action to recover damages under the theory of unjust enrichment. The record reveals that the plaintiff expended substantial sums of money toward the improvement of the defendants' property while she was a tenant in occupancy. She claims that she did so in reliance upon a promise that she would be permitted to purchase the premises. Based upon these allegations, the plaintiff may be entitled to recover the moneys expended toward the improvement of the defendants' property. Although the plaintiff also requested, in the alternative, that an equitable lien be imposed on the property, we conclude that the plaintiff has an adequate remedy at law, to wit, monetary damages for unjust enrichment and that dismissal of the claim for an equitable lien is warranted *(see, Rosenberg v Ritter,* 34 Misc 2d 1099).

Finally, we note that the defendants' request for cancella-

tion of the notice of pendency filed by the plaintiff should be granted since an action to recover money damages does not affect the title, use, possession or enjoyment of real property (see, CPLR 6501; *5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313; *Gyurek v 103 E. 10th Owners Corp.,* 128 Misc 2d 384).

We have reviewed the defendants' remaining contention and find it to be without merit. Brown, J. P., Kunzeman, Eiber and Kooper, JJ., concur.