■ Sanford Fodiman, Appellant, v Sylvana Zoberg, Respondent, et al., Defendants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 9, 1991, which, *inter alia,* denied the plaintiff's motion to dismiss defendant's third and fourth counterclaims, unanimously reversed to the extent appealed from, on the law, the motion granted and defendant's third and fourth counterclaims dismissed, without costs.

Defendant's third counterclaim seeks to impose a constructive trust on certain real property in Quogue, Long Island based upon the claim that defendant contributed $90,000 towards its purchase. In response to plaintiff's motion to dismiss the counterclaim in which he denies any such contribution, defendant alleges that, at the closing on the Quogue property in 1982, she wrote a $100,000 check to the builder, which she and plaintiff agreed would be considered a non-interest bearing loan to plaintiff, secured by an interest in the property, which was to be repaid when plaintiff sold the Quogue house. Some time later, defendant alleges, plaintiff repaid $10,000 thereby leaving a principal balance of $90,000.

In denying plaintiff's motion to dismiss the counterclaims, Trial Term found questions of fact regarding defendant's interest, if any, in the Quogue property. However, defendant's opposition not only fails to supplement the insufficient pleading with legally sufficient facts, it actually contradicts the pleading and clearly demonstrates that she has no cause of action to impose a constructive trust on the Quogue property

*(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 636; *see also, Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275).

Imposition of a constructive trust ordinarily requires (1) a confidential or fiduciary relationship; (2) a promise, express or implied, to convey or reconvey property; (3) a transfer in reliance upon that promise; and (4) unjust enrichment arising from the breach of that promise *(Janke v Janke,* 47 AD2d 445, 448, *affd for reasons stated in majority opn* 39 NY2d 786).

Here, although the pleading may have sufficiently alleged a confidential relationship and unjust enrichment, it failed to allege either a promise to convey or reconvey the property or an interest therein to defendant or a transfer in reliance on such promise.

Defendant's affidavit demonstrated that this failure was no mere pleading omission. By stating that the $100,000 was a loan secured by the property, she implicitly admitted that there was no promise in 1982 to convey any ownership or title interest to her. Indeed, defendant admitted that she herself, as agent for the partnership that had originally purchased the property, had executed the 1985 deed conveying sole title to plaintiff, without any assertion as to any promise to reconvey anything back to her at any time. Moreover, the affidavit plainly indicates that the fourth element of a constructive trust, unjust enrichment, is also missing in that the loan is not yet due, as it was repayable only when plaintiff sells the property, which he has not yet done.

Finally, inasmuch as defendant does not dispute that her fourth counterclaim for partition of the Quogue property is dependent upon the viability of the third counterclaim, such counterclaim must also be dismissed. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Smith, JJ.