■ Jodi Lester, Respondent, v Carol Zimmer, Appellant, et al., Defendant. [602 NYS2d 711] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered May 14, 1992 in Ulster County, upon a decision of the court in favor of plaintiff.

The underlying facts are fully set forth in the prior decision of this Court in this action (147 AD2d 340). Briefly, plaintiff alleged that a structure and the land upon which it was built should be subject to a constructive trust in her favor. She had been the longtime live-in girlfriend of defendant Michael Zimmer who built the camp on land in the Town of Woodstock, Ulster County, which was part of a large tract owned by his mother, defendant Carol Zimmer (hereinafter defendant). The construction was substantially funded by defendants. Following a bench trial, Supreme Court found that plaintiff's physical and monetary contributions to the construction of the camp were minimal and that no promise to convey or transfer was made to plaintiff by defendant, the owner of the land. The court concluded that plaintiff had failed to establish a constructive trust but, *sua sponte,* and without making any findings of fact, determined that plaintiff had an equitable lien for her work, labor and services in the improvement of prop-

erty in the amount of $30,000 subject to a credit offset of $10,000 for furniture and fixtures which she had removed.

On this appeal, defendant contends, *inter alia,* that in light of Supreme Court's finding that there had been "no promise to convey", an equitable lien could not be created. We agree. Under the circumstances of this case, "there being no implied promise to convey, reimburse, or to grant a lesser interest in the property, plaintiff's mere expectation, however sincere, is insufficient to establish an equitable lien" *(Scivoletti v Marsala,* 61 NY2d 806, 808-809; *see, Johnston v Martin,* 183 AD2d 1019; *Towner v Berg,* 5 AD2d 481, 484; *Petrukevich v Maksimovich,* 1 AD2d 786). It was therefore error for Supreme Court to award plaintiff an equitable lien.

Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to defendant Carol Zimmer, by deleting therefrom the third decretal paragraph, and, as so modified, affirmed.