■ Patrick Meehan et al., Respondents, v Francis Meehan, Jr., et al., Appellants. [642 NYS2d 664] —Order, Supreme Court, Suffolk County (Patrick Henry, J.), entered November

15, 1994, which granted defendants' motion to vacate a notice of pendency but *sua sponte* granted an equitable lien in plaintiffs' favor on the proceeds of sale, modified, on the law, to vacate and annul the equitable lien, and otherwise affirmed. Order, same court and Justice, entered January 10, 1995, implementing the first order by directing that $97,500 be held in escrow pending an evidentiary hearing to determine the amount of plaintiffs' equitable lien, reversed, on the law, to the extent appealed from, and the escrow released and discharged. Order, same court and Justice, entered January 24, 1995, which, *inter alia*, denied defendants' motion for summary judgment dismissing the amended complaint, modified, on the law, the motion is granted to the extent of dismissing the second and third causes of action, and otherwise affirmed, with one bill of costs to appellants.

Plaintiffs Patrick and Michael Meehan are brothers engaged in the restaurant business in Huntington, Long Island; defendants are their brother Francis, his partner (Andrew DiLeo) and their corporation, which is engaged in the residential construction business. Stripped of its nonessentials, the action is simply to recover the sum of $29,000 which plaintiffs allegedly loaned to defendants for construction and sale of a one-family house. An additional incentive feature of the loan, *according to plaintiffs*, was that they would receive an additional payback of half of any profits from the market and sale of the house in excess of $29,000. While much of the foregoing is contested by defendants (who claim that sums delivered to them by plaintiffs were actually repayment of an antecedent debt), those conflicting contentions are merely issues for trial. On this appeal, we are only concerned with pretrial relief erroneously granted and withheld by the motion court.

In a prior litigation involving these same issues and parties (with the exception of the corporate defendant), Supreme Court, Suffolk County (Cohalan, J.) held, in June 1994, that a similar *lis pendens* filed by plaintiffs would be vacated, in part on the ground that "the issue is clearly one of damages [and] not title to [real] property." Even though this motion court, as well as the earlier court, recognized, in citing CPLR 6501, that such an action could not affect the title to, or the possession, use or enjoyment of, real property, the first order now under review nonetheless granted an equitable lien to compel defendants, who had sold the house in the regular course of business, to escrow the proceeds, notwithstanding the absence of any request for such relief. Where, as here, the action lies

solely at law for money damages, the remedy of an equitable lien is unwarranted (*Bennett v John*, 151 AD2d 711). In substance, what the court granted here was an attachment without any showing of the requirements of CPLR 6201, and without the undertaking mandated in CPLR 6212 (b).

To the extent that Supreme Court may have relied upon the second cause of action (to impose a constructive trust) to provide the foundation for the equitable lien, we find that the record before us negates the viability of such a claim. Where the gravamen of this action rests upon a loan, the absence of any allegation that a transfer of title to realty was in reliance on any undertaking between the parties with respect to that title eliminates any entitlement to a constructive trust. "[A]lthough the pleading may have sufficiently alleged a confidential relationship and unjust enrichment, it failed to allege either a promise to convey or reconvey the property or an interest therein to defendant or a transfer in reliance on such promise" (*Fodiman v Zoberg*, 182 AD2d 493, 494).

Noteworthy here is that plaintiffs' constructive trust cause of action is totally inconsistent with their allegations respecting the loan, which assert that the source of payment of a bonus (or, for that matter, the loan itself) was to consist of the proceeds of the sale of the house to a then-unknown third-party buyer. Upon the closing of that sale, the title vested in the very purchaser contemplated by plaintiffs themselves when the loan was made.

Plaintiffs' third cause of action for fraud should also have been dismissed since it simply recast their first cause of action for breach of contract in the form of an alleged false representation with respect to defendants' intention not to perform. "A fraud claim is not sufficiently stated where it alleges [in essence] that a defendant did not intend to perform a contract with a plaintiff when he made it" (*Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436; *see also, Spellman v Columbia Manicure Mfg. Co.*, 111 AD2d 320). Concur—Rosenberger, J. P., Wallach, Nardelli and Williams, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Henry, J.