■ JOSEPH V. LISELLI, Respondent, v JOHN J. LISELLI et al., Appellants. [693 NYS2d 195] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Jones, J.), dated February 13, 1998, as denied that branch of their motion which was for summary judgment dismissing the fourth cause of action and (2) an order of the same court, dated April 23, 1998, as denied their motion to cancel the plaintiff's notice of pendency.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action is granted and the defendants' motion to cancel the plaintiff's notice of pendency is granted.

The plaintiff is not entitled to impose a constructive trust upon real property purchased by the defendant John Liselli with money the plaintiff allegedly loaned to him. The plaintiff never possessed any prior interest in, or made a conveyance of, the subject property (*see, Scivoletti v Marsala,* 61 NY2d 806, 808; *Sharp v Kosmalski,* 40 NY2d 119; *Meehan v Meehan,* 227 AD2d 268, 269; *Fallica v Manzolillo,* 210 AD2d 660; *Fodiman v Zoberg,* 182 AD2d 493, 494). Additionally, there is no evidence in the record indicating that the defendants, either expressly or impliedly, promised the plaintiff any interest in the premises as a consequence of the loan (*see, Meehan v Meehan, supra,* at 269; *Fodiman v Zoberg, supra,* at 493-494). Under these circumstances, the plaintiff's fourth cause of action, to impose a constructive trust upon the subject property, must be dismissed (*see, Scivoletti v Marsala, supra,* at 808).

Further, the court erred in concluding that the facts alleged here, which essentially assert a failure to repay money (*cf., Meehan v Meehan, supra*), gave rise to an equitable lien. The Court of Appeals has observed that, "an equitable lien 'is dependent upon some agreement express or implied that there shall be a lien on specific property'" (*Teichman v Community Hosp.,* 87 NY2d 514, 520, quoting *James v Alderton Dock Yards,* 256 NY 298, 303). Such a lien "requires an express or implied contract concerning specific property wherein there is a clear intent between the parties that such property be held, given or transferred as security for an obligation" (*Datlof v Turetsky,* 111 AD2d 364, 365; *cf., Scivoletti v Marsala, supra; see also, Lester v Zimmer,* 197 AD2d 783; *Matco Elec. Co. v Plaza Del Sol Constr. Corp.,* 82 AD2d 979; 75 NY Jur 2d, Liens, § 16, at 65).

Here, the record does not contain evidence that the parties agreed, expressly or impliedly, that the property was to be "held, given or transferred as security" for the alleged loan (*Teichman v Community Hosp., supra,* at 520; *see, Meehan v Meehan, supra; Datlof v Turetsky, supra*). Accordingly, the plaintiff is not entitled to an equitable lien and the notice of pendency filed with respect to this claim must be canceled (*see,* CPLR 6501; *Borrero v East Harlem Council for Human Servs.,* 165 AD2d 807; *see also, Lester v Zimmer, supra; Bennett v John,* 151 AD2d 711, 712). Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.