■ DAVID WOLF, Respondent, v NATIONAL COUNCIL OF YOUNG ISRAEL, Appellant, et al., Defendants. [694 NYS2d 424] —In an action to foreclose a mortgage, the defendant National Council of Young Israel appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated May 29, 1998, as, upon reargument, adhered to the original determination in an order of the same court entered January 9, 1997, granting those branches of the plaintiff's motion which were to dismiss the appellant's third, fourth, fifth, and sixth counterclaims for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which adhered to the original determination granting that branch of the plaintiff's motion which was to dismiss the appellant's fifth counterclaim, and substituting therefor a provision denying that branch of the motion and reinstating the fifth counterclaim; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court did not err in dismissing its third counterclaim, which seeks

damages for conversion. The appellant's conversion counterclaim is essentially based upon allegations that the plaintiff improperly deducted late fees from its monthly mortgage payments in a manner not authorized by the mortgage agreements. However, a claim to recover damages for conversion cannot be predicated on a mere breach of contract (*see, Priolo Communications v MCI Telecommunications Corp.,* 248 AD2d 453; *MBL Life Assur. Corp. v 555 Realty Co.,* 240 AD2d 375; *Peters Griffin Woodward v WCSC, Inc.,* 88 AD2d 883). Since the appellant's conversion counterclaim does not stem from a wrong which is independent of the alleged breach of the mortgage agreements, it was properly dismissed.

Furthermore, the appellant's fourth counterclaim, seeking damages for tortious interference with business relations, was also properly dismissed. To be actionable, interference with business relations must be effected by unlawful means or, under the theory of prima facie tort, by lawful means without justification (*see, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 919; *Mandelblatt v Devon Stores,* 132 AD2d 162, 168). Here, even liberally construing the pleading in the light most favorable to the appellant and accepting all factual allegations as true (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634), the fourth counterclaim fails to state a cause of action because there is no indication that the plaintiff used unlawful means to interfere with any relationship the appellant had with third parties, or that the alleged acts of interference, though lawful, were prompted solely by malice or ill will (*see, Quail Ridge Assocs. v Chemical Bank,* supra; *Mandelblatt v Devon Stores, supra*).

We find, however, that the appellant's fifth counterclaim states a claim to recover damages on a theory of unjust enrichment. "The essence of unjust enrichment is that one party has received money or a benefit at the expense of another" (*City of Syracuse v R.A.C. Holding,* 258 AD2d 905, 906; *see also, Nakamura v Fujii,* 253 AD2d 387; *Cohn v Rothman-Goodman Mgt. Corp.,* 155 AD2d 579). The fifth counterclaim charges that the plaintiff's son, who was formerly the administrator of the appellant's nursing home, used the appellant's funds to pay the school taxes on a parcel of property owned by the plaintiff, despite the fact that the appellant was under no legal or equitable obligation to make such payments. These allegations are sufficient to permit the appellant to seek recovery of the funds allegedly expended to pay school taxes on the plaintiff's property (*see, Bennett v John,* 151 AD2d 711). Although the appellant's sixth counterclaim is also predicated upon the alleged

payment of school taxes, it requests the imposition of an equitable lien on the plaintiff's property equivalent to the amount of school taxes paid with its funds. This counterclaim cannot stand because the remedy of an equitable lien is unwarranted where damages lie for unjust enrichment (*see, Meehan v Meehan,* 227 AD2d 268; *Bennett v John, supra*). Ritter, J. P., Thompson, Krausman and Florio, JJ., concur.