■ JOSEPH V. LISELLI, Respondent, v JOHN J. LISELLI et al., Appellants. [715 NYS2d 343] —In an action, *inter alia*, to recover

damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 21, 1999, as granted those branches of the plaintiff's motion which were to vacate two judgments of the same court, both dated July 15, 1999, dismissing the complaint in its entirety and imposing costs, and reinstate his cause of action based on unjust enrichment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the plaintiff's third cause of action stated a claim to recover damages for unjust enrichment under a theory of quasi-contract (*see, Miller v Schloss,* 218 NY 400, 404, 407; *Wolf v National Council of Young Israel,* 264 AD2d 416; *Nakamura v Fujii,* 253 AD2d 387, 390) which was distinct from the causes of action seeking to recover damages for breach of contract. Neither the prior order of the Supreme Court dated February 13, 1998, which dismissed only the causes of action based on breach of contract, nor this Court's decision and order dated July 12, 1999, on a prior appeal, which, *inter alia,* dismissed the fourth cause of action to impose a constructive trust (*see, Liselli v Liselli,* 263 AD2d 468), addressed the plaintiff's third cause of action. Accordingly, the Supreme Court properly vacated the judgments dismissing the complaint in its entirety and properly reinstated the plaintiff's third cause of action. Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.