■ SHONETTE COLEMAN et al., Appellants, v PATRICK E. COKER et al., Respondents. [888 NYS2d 535]—

In an action, inter alia, to impose a constructive trust on certain real property and for specific performance of a contract for the sale of that real property, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated February 8, 2008, as granted that branch of the defendants' motion which was to vacate a notice of pendency filed in connection with the property and granted the defendants' application for permission to sell the real property to the highest bidder, to the extent of permitting the sale upon stated conditions.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the defendants' application to sell the property to the highest bidder is deemed to be an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

According to the complaint, in March 2005, after the plaintiffs had difficulty making their mortgage payments on their residence (hereinafter the property) and Option One Bank commenced a foreclosure action with respect to the property, the plaintiffs entered into an agreement with the defendants, who had been their friends for more than 10 years. Pursuant to the agreement, the plaintiffs promised to transfer legal title to the property to the defendants in consideration of the sum of $560,000, an amount significantly below the market value of the property. The defendants obligated themselves to obtain a mortgage loan to pay off, among other things, the outstanding balance due to Option One Bank and the plaintiffs' debt. The plaintiffs agreed to pay the defendants the sum of $20,000 at the time of closing and continue to pay all of expenses attributable to the maintenance and upkeep of the property, including all mortgage payments, taxes, insurance, and maintenance on the property. The defendants agreed that, after one year, at which time it was anticipated that the plaintiffs' credit rating would be repaired, the defendants would sell the property back to the plaintiffs for an amount equal to the mortgage note plus closing expenses. As of February 2007, however, according to the complaint, despite the fact that the plaintiffs satisfied their obligations under the agreement, the defendants refused to sell the property back to them for an amount equal to the mortgage note plus closing costs. The plaintiffs commenced the instant action to impose a constructive trust on the real property, and filed a notice of pendency in connection with the property.

The defendants moved to dismiss the complaint, inter alia, on the ground that the plaintiffs failed to state a cause of action for the imposition of a constructive trust, in that they did not plead sufficient facts indicating that the parties were in a fiduciary relationship or that the defendants were unjustly enriched (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). The defendants simultaneously moved to vacate the notice of pendency on the ground that, inasmuch as the plaintiffs failed to state a cause of action warranting the imposition of a constructive trust, they failed to state a cause of action affecting real property. Along with their reply papers, the defendants submitted evidence, which is undisputed by the plaintiffs, that the plaintiffs had stopped paying the mortgage, taxes, insurance, and other expenses with respect to the property, requiring the defendants to make these payments themselves while the plaintiffs were resid-

ing at the property for free. When the parties subsequently appeared before the Supreme Court for argument on the defendants' motion, the defendants requested that the court allow them to sell the property so that they could avoid the hardship of continuing to pay the mortgage, taxes, insurance, and other expenses during the pendency of this action.

In an order dated February 8, 2008, the Supreme Court denied that branch of the defendants' motion which was to dismiss the complaint, but granted that branch of their motion which was to vacate the notice of pendency. The court also granted the defendants' application for permission to sell the property to the highest bidder, to the extent of permitting the sale on the conditions that they gave the plaintiffs an opportunity to purchase the property for an amount equal to the price offered by the highest bidder, and that they deposit the proceeds of the sale, after deducting closing costs and the costs of satisfying the existing mortgage, with the court pending the disposition of this action.

Contrary to the plaintiffs' contention, under the unique circumstances of this case, the Supreme Court did not err in effectively preventing them from obtaining the remedy of specific performance of the agreement. While the equitable remedy of specific performance is routinely awarded in breach of contract actions involving real property, the court has discretion to deny such relief if it finds that an award of specific performance "would be a drastic or harsh remedy, or work injustice" (*EMF Gen. Contr. Corp. v Bisbee*, 6 AD3d 45, 52 [2004], quoting 91 NY Jur 2d, Real Property Sales and Exchanges § 204). The Supreme Court did not improvidently exercise its discretion here.

Once the plaintiffs were prevented from obtaining the remedy of specific performance, this action no longer affected title to, or possession, use, or enjoyment of, real property (*see* CPLR 6501; *Nastasi v Nastasi,* 26 AD3d 32, 36 [2005]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to vacate the notice of pendency.

The parties' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.