GERARD P. MCLOUGHLIN, Respondent-Appellant, v JOSEPH A. MCLOUGHLIN et al., Appellants-Respondents. [889 NYS2d 610]—

In an action, inter alia, for the partition of real property, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered June 19, 2008, as, upon a decision of the same court dated August 20, 2007, made after a nonjury trial, among other things, upon a finding that the parties had made an enforceable agreement for the defendants to purchase the plaintiff's interest in the subject real property and providing a methodology by which a neutral appraiser would be selected to make a determination of the fair market value of the subject property, upon an order of the same court dated November 21, 2007, directing the selection of a new neutral appraiser and directing the defendants to close title on their purchase of the plaintiff's interest in the subject property within 60 days after the new neutral appraiser's report, and upon an order of the same court dated June 18, 2008, inter alia, granting the plaintiff's motion for a judgment in his favor and against the defendants, is in favor of the plaintiff and against them in the principal sum of $1,285,286.90, and the plaintiff cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed; and it is further;

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's cross appeal from the judgment must be dismissed on the ground that he is not aggrieved thereby (see CPLR 5511).

"A person holding and in possession of real property as joint tenant or tenant in common, in which he [or she] has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot be made without great prejudice to the owners" (*Arata v Behling*, 57 AD3d 925, 926 [2008]; see RPAPL 901 [1]; *Vlcek v Vlcek*, 42 AD2d 308, 310 [1973]). "An agreement not to partition is a valid defense to an action for partition" (*McNally v McNally*, 129 AD2d 686, 687 [1987]). Here, the Supreme Court properly determined that the parties had an agreement whereby the defendants would purchase the plaintiff's interest in the subject property for fair market value, and that this agreement precluded partition of the property. Moreover, the agreement was sufficiently definite to be enforceable (see *Tonkery v Martina*, 78 NY2d 893 [1991]; *Marder's Nurseries v Hopping*, 171 AD2d 63 [1991]).

Contrary to the defendants' contentions, the Supreme Court properly directed a methodology by which the fair market value

of the subject property was to be determined (*see e.g. Hunt v Hunt*, 13 AD3d 1041, 1042 [2004]; *Costanza v Galluzo*, 41 AD3d 414 [2007]).

Under the circumstances of this case, the Supreme Court properly declined to impose a constructive trust (*see Liselli v Liselli*, 263 AD2d 468, 469 [1999]; *Fodiman v Zoberg*, 182 AD2d 493 [1992]).

The defendants' remaining contentions are without merit. Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.