OPINION OF THE COURT
Peter M. Forman, J.
This action arises out of a dispute regarding the proposed sale of development rights for 101 acres of farmland located in the Town of Pleasant Valley (Hahn farm). After the completion of discovery, the parties agreed to submit this controversy to the court for determination based upon a stipulation of agreed-upon facts and the parties’ respective trial memoranda. This decision and order constitutes the court’s decision for purposes of CPLR 3222 and 4213.
Findings of Fact
Hahn farm has been owned by the same family for over 240 years. It is currently improved by three houses and numerous agricultural structures, including a pig barn, dairy barn for beef cattle, shed, two corn cribs, grain bins, a large open shed used for storing farm equipment, and a large shed that is used as a shop and for other agricultural uses.
The parties are the adult children of the late Thomas G. Hahn and Edna Hahn, who took ownership of Hahn farm in 1938. Mr. Hahn actively farmed the land until his death in 1995. Edna Hahn died in 2007.
Plaintiff Thomas G. Hahn, Jr., is 68 years old, and lives across the street from Hahn farm. He has been farming the land on Hahn farm for his entire life.
Plaintiff Jeanne Halstead lives on a two-acre parcel of land that is bounded on three sides by Hahn farm. This parcel was subdivided from Hahn farm and gifted to Halstead by her parents approximately 40 years ago.
Plaintiff Barbara Butts lives in Otsego County. She has not lived on or near Hahn farm for over 15 years.
Defendant Johanne Hagar is 77 years old, and lives in Clinton County. She has not lived on or near Hahn farm for over 55 years.
In her will, Edna Hahn conferred a contingent life estate upon Thomas G. Hahn, Jr., and conveyed the remainder interest to the parties in equal share, per stirpes. The life estate gives Thomas G. Hahn, Jr., the exclusive right to occupy, use and improve Hahn farm for as long as he continues to farm the *432 land. The life estate also makes Thomas G. Hahn, Jr., responsible for all expenses associated with Hahn farm, including real property taxes, utilities, and maintenance costs. Finally, the life estate automatically terminates upon the death of Thomas G. Hahn, Jr., or upon his failure to farm the land, whichever occurs first.
By executor’s deed dated May 29, 2009, title to remainder interest in Hahn farm was conveyed to the parties as tenants-in-common, subject to the contingent life estate of Thomas G. Hahn, Jr. That deed was recorded in the Dutchess County Clerk’s Office on June 19, 2009.
Thomas G. Hahn, Jr., has continuously farmed the land since Edna Hahn’s death. Therefore, Hahn farm remains subject to the contingent life estate.
Plaintiffs wish to sell all or some of Hahn farm’s development rights. In the alternative, plaintiffs wish to place a conservation easement on Hahn farm. Under either scenario, plaintiffs seek to place perpetual restrictions on Hahn farm that would limit its future development, and preserve its historic use as a farm, in return for a cash payment.
Any payment received for the purchase of development rights or a conservation easement would be shared equally by the parties. As another option, plaintiffs have offered to reserve development rights on a portion of the land for defendant’s benefit, subject to a reduction in her share of the proceeds from any sale of the unreserved development rights.
Plaintiffs do not seek to subdivide Hahn farm. The proposed sale of development rights or of a conservation easement would not interfere with or otherwise terminate the life estate of Thomas G. Hahn, Jr., who would continue to actively farm the land.
Plaintiffs, who collectively own the life use and three-fourths of the remainder interest in Hahn farm, believe that the sale of these development rights or of a conservation easement is in the best interests of the Hahn family and Hahn farm. Defendant, who owns one-fourth of the remainder interest, objects to the proposed sale of development rights or of a conservation easement, and opposes placing restrictions of any kind on any portion of Hahn farm.
The verified complaint asserts two causes of action. The first cause of action seeks an order authorizing the sale of development rights or a conservation easement for Hahn farm pursuant to RPAPL 1602.
*433 The second cause of action has been brought under article 9 of the RPAPL, which deals with the partition of real property. However, the second cause of action does not seek the physical partition of Hahn farm, or the judicial sale of Hahn farm. Rather, it seeks an order compelling defendant to sell her remainder interest in Hahn farm to plaintiffs.
Plaintiffs have limited their legal arguments in their trial memorandum to the first cause of action under RPAPL 1602. The stipulation of agreed-upon facts also does not contain any facts that would support an order of partition compelling defendant to sell her remainder interest in Hahn farm to plaintiffs. (Cf. McLoughlin v McLoughlin, 67 AD3d 751, 752 [2d Dept 2009] [order in partition action directing plaintiff to sell his interest in land to defendants was proper, where the parties had entered into an agreement that barred physical partition of the land, and provided that defendants would purchase plaintiff’s interest for its fair market value]; Hunt v Hunt, 13 AD3d 1041, 1042 [3d Dept 2004] [order of partition directing sale of defendants’ interest in land, rather than its physical partition, was soundly based on defendants’ express wishes at trial].) Since plaintiffs have effectively abandoned the second cause of action, the court will limit its discussion to the first cause of action seeking relief under RPAPL 1602.
Conclusions of Law
As relevant to this action, RPAPL 1602 states:
“When the ownership of real property is divided into one or more possessory interests and one or more future interests, the owner of any interest in such real property . . . may apply to the court. . . for an order directing that said real property, or a part thereof, be mortgaged, leased or sold.”
Plaintiffs assert that the sale of the development rights to Hahn farm, or of a conservation easement burdening the future development of Hahn farm, is “the equivalent of sale of ‘part of’ the property.” (Plaintiffs’ trial mem at 3.) Defendant disputes this assertion, and argues that “nothing in the RPAPL provides for judicial imposition of a conservation easement, or a decree that development rights be sold.” (Defendant’s trial mem at 3.) Defendant also asserts that RPAPL 1602 does not provide the court with the authority to compel defendant to sell her remainder interest in Hahn farm in order to facilitate plaintiffs’ proposed sale of these development rights or of a conservation easement (id. at 2-3).
*434 “It is recognized that the ‘value’ of property is not a concrete or tangible attribute but an abstraction derived from the economic uses to which the property may be put.” (Fred, F. French Inv. Co. v City of New York, 39 NY2d 587, 597 [1976].) “Thus, the development rights are an essential component of the value of the underlying property because they constitute some of the economic uses to which the property may be put.” (Id.; see also Seawall Assoc. v City of New York, 74 NY2d 92, 109 [1989] [finding that development rights are “valuable components of the ‘bundle of rights’ making up” a fee interest in real property].)
The issue of whether development rights are a “part of” real property for purposes of RPAPL 1602 appears to be an issue of first impression. When interpreting statute language, a reviewing court must “construe statutory words in light of ‘their plain meaning without resort to forced or unnatural interpretations.’ ” (Fleming v Graham, 10 NY3d 296, 300 [2008], quoting Castro v United Container Mach. Group, 96 NY2d 398, 401 [2001]; see also Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479 [2001] [“In the absence of any controlling statutory definition, we construe words of ordinary import with their usual and commonly understood meaning”]; People v Cruz, 48 NY2d 419, 428 [1979] [“words and phrases used in a statute should be given their ordinary meaning when, as here, the Legislature has given no indication that a different meaning was intended”].)
By its plain meaning, RPAPL 1602 authorizes the court to order the sale of all of the land making up a parcel of real property or, where appropriate, the sale of a portion of that land. This statutory authority cannot be rationally extended to compel the sale of a portion of the abstract and intangible rights that contribute to the value of that land, separate and apart from the sale of the land itself. It is therefore ordered, that plaintiffs’ application for an order compelling defendant to sell her remainder interest in Hahn farm to plaintiffs is denied; and it is further ordered, that the verified complaint is dismissed.