■ MICHAEL MAZZEI, Appellant, v NICOLE KYRIACOU, Also Known as NICOLE DEBONIS, et al., Defendants, and U.S. BANK NATIONAL ASSOCIATION, Intervenor-Respondent. [33 NYS3d 291]—

In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (J. Murphy, J.), dated July 28, 2014, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (4) to dismiss the answer with counterclaim of the intervenor-defendant, U.S. Bank National Association, and granted those branches of the cross motion of the intervenor-defendant, U.S. Bank National Association, which were for summary judgment dismissing the sixth cause of action seeking to impose a constructive trust on real property, and to cancel the notice of pendency filed against that property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff made an unsecured loan in the sum of $900,000 to the defendant All Island Equity, Inc. (hereinafter All Island), a corporation owned by his nephew, the defendant Thomas Debonis. The loan was never repaid, and a portion of the loaned funds allegedly was improperly used to purchase real property titled solely in the name of Debonis's wife, the defendant Nicole Kyriacou. The subject property was purchased for approximately $970,000, of which, $650,000 was financed by a mortgage loan assigned to U.S. Bank National Association (hereinafter U.S. Bank). U.S. Bank subsequently commenced an action to foreclose on the mortgage.

Meanwhile, the plaintiff obtained a money judgment against All Island and Debonis, and thereafter commenced the instant action against Kyriacou, Debonis, and All Island Equity, alleging, in his first five causes of action, that All Island and Debonis

fraudulently conveyed the loan proceeds to Kyriacou, and seeking, in the sixth cause of action, to impose a constructive trust on the subject real property. U.S. Bank was granted leave to intervene in the action, and filed an answer with a counterclaim. The plaintiff moved, inter alia, pursuant to CPLR 3211 (a) (4) to dismiss the answer with counterclaim. U.S. Bank cross-moved, inter alia, for summary judgment dismissing the sixth cause of action, and to cancel the notice of pendency. The Supreme Court denied that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (4) to dismiss the answer with counterclaim, and granted those branches of U.S. Bank's cross motion which were for summary judgment dismissing the sixth cause of action and to cancel the notice of pendency.

"Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (*DAIJ, Inc. v Roth*, 85 AD3d 959, 959 [2011]; *see* CPLR 3211 [a] [4]; *Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 623 [2009]; *Liebert v TIAA-CREF*, 34 AD3d 756, 757 [2006]). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (4) to dismiss the answer with counterclaim, on the ground that it raised issues duplicative of U.S. Bank's foreclosure action, since the two actions were not sufficiently similar and sought distinct relief (*see generally Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 790 [2011]; *Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035, 1036-1037 [2009]; *Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]).

U.S. Bank demonstrated its prima facie entitlement to judgment as a matter of law dismissing the sixth cause of action, seeking to impose a constructive trust on the subject real property. "The elements of a cause of action to impose a constructive trust are (1) the existence of a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment" (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012]; *see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Rowe v Kingston*, 94 AD3d 852, 853 [2012]; *Ewart v Ewart*, 78 AD3d 992, 993 [2010]). Here, the plaintiff failed to allege any promise, either express or implied, relating to the subject property, or any transfer in reliance on any promise relating to the property (*see Liselli v Liselli*, 263 AD2d 468, 469

[1999]; *Meehan v Meehan*, 227 AD2d 268 [1996]; *Fodiman v Zoberg*, 182 AD2d 493, 494 [1992]; *cf. Simonds v Simonds*, 45 NY2d at 240). In opposition to U.S. Bank's prima facie showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, summary judgment was not premature, as the discovery he sought to obtain regarding the mortgage loan obtained by Kyriacou was irrelevant to the merits of his constructive trust cause of action (*see generally Jannetti v Whelan*, 131 AD3d 1209, 1210 [2015]; *Burlington Ins. Co. v Casur Corp.*, 123 AD3d 965, 965-966 [2014]). Accordingly, the Supreme Court properly granted that branch of U.S. Bank's cross motion which was for summary judgment dismissing the sixth cause of action.

Since the sixth cause of action was the only cause of action potentially affecting title to real property, the Supreme Court, upon granting that branch of U.S. Bank's cross motion which was for summary judgment dismissing that cause of action, properly granted that branch of the cross motion which was to cancel the notice of pendency (*see generally* CPLR 6501; *Coleman v Coker*, 66 AD3d 812, 814 [2009]). Contrary to the plaintiff's contention, the remaining causes of action did not support the filing of a notice of pendency, since they concerned the conveyance of the loan proceeds from All Island to Kyriacou, and did not allege a fraudulent conveyance of any interest in real property (*cf. Joslin v Lopez*, 309 AD2d 837, 838 [2003]; *Resnick v Doukas*, 261 AD2d 375 [1999]; *Marine Midland Bank v Murkoff*, 120 AD2d 122 [1986]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.