Godwin I. Odekhiran, Appellant,
against
Koreen Pearce and Carleen Finley, Respondents, and "John Doe" and "Jane Doe," Undertenants.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered October 28, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment on the first cause of action.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and plaintiff's motion for summary judgment on the first cause of action is granted.
In this ejectment action, plaintiff seeks, as a first cause of action, to recover possession of the subject premises from defendant Koreen Pearce, and from Pearce's adult daughter, defendant Carlene Finley, based on the termination of their license to reside with him in the premises. Plaintiff also seeks damages for unpaid use and occupancy for the period from December 2007 through December 2013, at $1,000 per month. After defendants answered, asserting various affirmative defenses, including that defendant Pearce has an equitable interest in the premises, and unjust enrichment, plaintiff moved for summary judgment on his first cause of action. By order entered October 28, 2014, the Civil Court denied plaintiff's motion, finding the existence of issues of fact, and instructed defendants to move to transfer the case to the Supreme Court, which could hear their affirmative defenses and counterclaims, which, the court opined, were not within the jurisdiction of the Civil Court. Plaintiff appeals from so much of the order as denied his motion for summary judgment on the first cause of action.
Upon a review of the record, we find that plaintiff established his prima facie entitlement to summary judgment on the first cause of action seeking the ejectment of defendants. Plaintiff showed that he has exclusive, legal ownership of the premises, which has an assessed value of less than $25,000; that defendants reside in the premises as licensees; that he had provided defendants with a 10-day notice to vacate the premises by a date certain; and that the date had passed and defendants had not vacated the premises. The burden then shifted to defendants to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), which cannot be established by mere conclusions, expressions of hope or unsubstantiated allegations or [*2]assertions (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Despite the fact that plaintiff and Pearce, who were never legally married, resided together in the premises for over 25 years, where they raised their son, who is now 32 years old, and the fact that Pearce's adult daughter, Finley, who is unrelated to plaintiff, was allowed to move into the premises at the end of 2010, defendants reside in the premises as licensees of plaintiff (see DiStasio v Macaluso, 47 Misc 3d 144[A], 2015 NY Slip Op 50694[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Sears v Okin, 16 Misc 3d 134[A], 2007 NY Slip Op 51510[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Piotrowski v Little, 30 Misc 3d 609 [Middletown City Ct 2010] [a former domestic partner is a licensee]; Drost v Hookey, 25 Misc 3d 210 [Suffolk Dist Ct 2009] [same]; but see e.g. Kakwani v Kakwani, 40 Misc 3d 627 [Nassau Dist Ct 2013]; Robinson v Holder, 24 Misc 3d 1232[A], 2009 NY Slip Op 51706[U] [Suffolk Dist Ct 2009]; Landry v Harris, 18 Misc 3d 1123[A], 2008 NY Slip Op 50174[U] [Civ Ct, NY County 2008]), who is the sole legal owner of the premises. In opposition to plaintiff's motion, defendants raised no argument to counter plaintiff's assertion that he is entitled to sole possession of the premises; rather, they conclusorily argued that there are substantial issues of fact in that Pearce has paid the utility bills for the premises, as well as purchased food and clothing, and contributed $60,000 to the upkeep and repair of the premises, and that plaintiff has been thereby unjustly enriched. None of these arguments, however, rebut plaintiff's prima facie showing of his entitlement to summary judgment on the first cause of action as a matter of law. Moreover, contrary to the determination of the Civil Court, defendants' opposition papers do not raise a triable issue of fact regarding the establishment of a constructive trust, since defendants "failed to allege any promise, either express or implied, relating to the subject property, or any transfer in reliance on any promise relating to the property" (Mazzei v Kyriacou, 139 AD3d 823, 824 [2016]; see also Liselli v Liselli, 263 AD2d 468, 469 [1999]; Meehan v Meehan, 227 AD2d 268 [1996]).
Accordingly, the order, insofar as appealed from, is reversed and plaintiff's motion for summary judgment on the first cause of action is granted.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: December 07, 2016