Burns v Burns (2019 NY Slip Op 05513)





Burns v Burns


2019 NY Slip Op 05513


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-10734
 (Index No. 37327/07)

[*1]Louis Burns, appellant,
v
Stephanie Burns, respondent.


Reingold & Tucker, Brooklyn, NY (Jordan W. Tucker of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Amy B. Marion of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, for an accounting, and to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 31, 2018. The judgment, insofar as appealed from, upon decisions of the same court dated October 25, 2017, and April 20, 2018, made after a nonjury trial, in effect, dismissed the third and fourth causes of action in the amended complaint and denied the plaintiff's request for an award of punitive damages and an award of attorneys' fees.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, in effect, dismissing the third cause of action in the amended complaint, and substituting therefor a provision granting the relief sought in that cause of action; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment directing an accounting to determine the amount to which the plaintiff is entitled.
This action arises out of an agreement dated February 25, 2002, whereby the plaintiff agreed to transfer ownership of two parcels of real property located in Brooklyn at 256 Decatur Street (hereinafter the Decatur property) and 198 Clarkson Avenue (hereinafter the Clarkson property) to the defendant while the plaintiff retained a life estate in both properties, and the defendant agreed, inter alia, that she would not mortgage, lease, sell, rent, encumber, or transfer either property without the express written consent of the plaintiff. In October 2007, the plaintiff commenced this action, alleging that the defendant had mortgaged the Decatur and Clarkson properties without his consent and used the proceeds for her own purposes. In an amended complaint, the plaintiff alleged, inter alia, that the defendant used the proceeds of the improperly obtained mortgages to purchase an additional property located in Brooklyn at 885A Putnam Avenue (hereinafter the Putnam property) and refused to account to the plaintiff for the income from the Decatur and Clarkson properties. In the third cause of action, the plaintiff sought an accounting with respect to the defendant's management of the Decatur and Clarkson properties. In the fourth cause of action, the plaintiff sought the imposition of a constructive trust on the Putnam property. In his prayer for relief, the plaintiff requested, inter alia, an award of punitive damages and an award of attorneys' fees.
Following a nonjury trial, the Supreme Court found that the defendant had breached the 2002 agreement with the plaintiff and that the plaintiff was entitled to a constructive trust with respect to the Decatur and Clarkson properties. The court also directed the defendant to reconvey the Decatur and Clarkson properties to the plaintiff. However, the court, in effect, dismissed the third and fourth causes of action. The court also denied the plaintiff's request for punitive damages and attorneys' fees. The plaintiff appeals.
" In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (BNG Props., LLC v Sanborn, 153 AD3d 1221, 1221-1222, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691).
Generally speaking, a court may, in its discretion, "grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (CPLR 3017[a]; see State of New York v Barone, 74 NY2d 332, 336). While a court's equitable powers are broad indeed, they are not without limit (see Sudit v Labin, 148 AD3d 1073, 1075). Here, the Supreme Court's imposition of a constructive trust as to the Decatur and Clarkson properties, without also granting an accounting to determine the amount to which the plaintiff is entitled, was not "appropriate to the proof" received (CPLR 3017[a]; see Palazzo v Palazzo, 121 AD2d 261, 264). The trial evidence established that the Decatur and Clarkson properties remained encumbered by several mortgages improperly given by the defendant. An accounting to ascertain the values of the properties, the mortgages, and any rental or other income derived from the properties that was improperly withheld by the defendant was necessary to grant complete relief to the plaintiff in accordance with the equities of the case (see Palazzo v Palazzo, 121 AD2d at 264). Accordingly, the accounting sought in the plaintiff's third cause of action should have been granted, and we remit the matter to the Supreme Court, Kings County, for further proceedings on that cause of action.
We agree with the Supreme Court's determination not to impose a constructive trust on the Putnam property since the plaintiff never had any interest in that property (see Mazzei v Kyriacou, 139 AD3d 823, 824; Liselli v Liselli, 263 AD2d 468, 469). We also agree with the court's determination to deny the plaintiff's requests for punitive damages and attorneys' fees, since he failed to demonstrate his entitlement to such relief (see JPMorgan Chase Bank, N.A. v Corrado, 162 AD3d 994, 996; Abizadeh v Abizadeh, 159 AD3d 858, 860; Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232, 1234-1235).
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court