Sokoloff v Schor (2019 NY Slip Op 06178)





Sokoloff v Schor


2019 NY Slip Op 06178


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-09794
 (Index No. 101318/15)

[*1]Margot Sokoloff, etc., appellant,
v
Jonathan Schor, etc., et al., respondents.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Judy C. Selmeci of counsel), for respondents Jonathan Schor and Staten Island University Hospital.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Steven C. Mandell of counsel), for respondents Marisa Berry and Carmel Richmond Healthcare and Rehabilitation Center.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated June 30, 2016. The order granted the motion of the defendants Jonathan Schor and Staten Island University Hospital, and the separate motion of the defendants Marisa Berry and Carmel Richmond Healthcare and Rehabilitation Center, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In December 2013, an action was commenced on behalf of the plaintiff and her then-deceased husband to recover damages for medical malpractice (hereinafter the 2013 action). In October 2015, in anticipation of the 2013 action being dismissed, the plaintiff commenced this action (hereinafter the 2015 action), which was premised upon the same events, and sought the same relief against the same parties, as the 2013 action. After the Supreme Court, in an order dated November 6, 2015, directed the dismissal of the 2013 action, and during the pendency of the 2015 action, the plaintiff commenced a third action (hereinafter the 2016 action) which also was premised upon the same events and seeking the same relief against the same parties. In a judgment dated August 23, 2016, upon an order dated June 6, 2016, the Supreme Court dismissed the 2016 action. The plaintiff's appeal from the judgment dismissing the 2016 action is addressed in a companion appeal (Appellate Docket No. 2016-09791), which was argued on the same date as this appeal.
The Supreme Court providently exercised its discretion in granting the defendants' respective motions to dismiss the 2015 action insofar as asserted against each of them. The complaint in the 2015 action is identical in all essential respects to the complaint in the 2016 action, the parties are identical, and the relief sought is the same (see CPLR 3211[a][4]; Cooper v Thao, 162 AD3d 980; Mazzei v Kyriacou, 139 AD3d 823, 824; DAIJ, Inc. v Roth, 85 AD3d 959).
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court