Astor Ben Sasha LLC v HFZ 235 W. 75th St. Owner LLC (2023 NY Slip Op 02056)

Astor Ben Sasha LLC v HFZ 235 W. 75th St. Owner LLC

2023 NY Slip Op 02056

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 655894/20 Appeal No. 74 Case No. 2022-05400 

[*1]Astor Ben Sasha LLC, Plaintiff-Respondent,
v
HFZ 235 West 75th Street Owner LLC, Defendant-Appellant, HFZ Res Portfolio Holdings LLC, et al., Defendants. CCO Condo Portfolio (AZ) Junior Mezzanine, LLC, et al., Nonparty-Appellants.

Dechert LLP, New York (Gary J. Mennitt of counsel), for appellants.
Blank Rome LLP, New York (Harris N. Cogan of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about November 7, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of defendant HFZ 235 West 75th Street Owner LLC (HFZ 235 Owner), and CCO Condo Portfolio (AZ) Junior Mezzanine, LLC (CCO), and CIM Group LLC (CIM) to dismiss the complaint as against them, unanimously modified, on the law, to dismiss as against defendant HFZ 235 Owner the causes of action for a declaratory judgment, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and for a constructive trust, and to dismiss as against CCO Condo Portfolio and CIM Group the cause of action for unjust enrichment and estoppel, and otherwise affirmed, without costs.
Plaintiff may maintain the causes of action for breach of contract/specific performance (second cause of action) and breach of contract (third cause of action) as against HFZ Owner, since plaintiff sufficiently pleaded that defendant HFZ Res Portfolio Holdings LLC (HFZ Res Portfolio) established a principal-agent relationship between itself and HFZ 235 Owner by holding itself out to plaintiff as the manager of HFZ 235 Owner. For example, plaintiff alleges that HFZ Res Portfolio offered a unit that later became unit 6A of the Astor, HFZ 235 Owner's building, and that HFZ Res Portfolio accepted an intended prepayment of $6,204,000, applying that money as a down payment for the unit. Plaintiff also alleges that defendant Ziel Feldman was the signatory for both plaintiff's contract of sale with HFZ 235 Owner and a nearly contemporaneous agreement with HFZ Res Portfolio acknowledging the down payment. Therefore, plaintiff asserts, HFZ 235 Owner was fully aware of HFZ Res Portfolio's dealings with it. These allegations sufficiently establish that by failing to correct HFZ Res Portfolio's representations as to its agency, HFZ 235 Owner either granted or ratified HFZ Res Portfolio's apparent or actual authority to accept plaintiff 's down payment in furtherance of its intent to purchase the unit (see Art Fin. Partners, LLC v Christie's Inc., 58 AD3d 469, 471 [1st Dept 2009]; Engleman v David McKay Co., Inc., 73 AD2d 511, 511 [1st Dept 1979]).
However, Supreme Court should have dismissed the cause of action seeking a declaration requiring HFZ 235 Owner to credit the prepayment (first cause of action). That cause of action is duplicative of the breach of contract claims, since either a judgment on the cause of action for specific performance or an award of damages for breach of contract would effectively grant the same relief.
Supreme Court also should have dismissed the cause of action for breach of the covenant of good faith and fair dealing (fifth cause of action) as against HFZ 235 Owner. That cause of action is duplicative of the breach of contract cause of action, which alleges a breach of the same obligations based on the same facts and seeks identical damages (see Amcan Holdings, Inc. v Canadian [*2]Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]).
Plaintiff also fails to state a cause of action for breach of fiduciary duty as against HFZ 235 Owner (sixth cause of action), since HFZ 235 Owner held neither the prepayment nor the apartment unit in trust, and plaintiff otherwise failed to allege special circumstances that might give rise to a fiduciary relationship (see Benzies v Take-Two Interactive Software, Inc., 159 AD3d 629, 630-631 [1st Dept 2018]). Without an adequate remedy at law, plaintiff's improvements to the unit might give rise to an equitable lien over it (see Bennett v John, 151 AD2d 711, 711 [2d Dept 1989]). Nevertheless, those improvements are insufficient to impose a constructive trust without a fiduciary relationship or other relationship of trust (see e.g. Kaprov v Stalinsky, 145 AD3d 869, 871 [2d Dept 2016], lv denied 29 NY3d 913 [2017]; Sharper v Harlem Teams for Self-Help, Inc., 257 AD2d 329, 332 [1st Dept 1999]).
Finally, the cause of action for unjust enrichment and estoppel (eighth cause of action) is dismissed as against CCO and CIM. Even assuming that CCO and CIM were aware of plaintiff 's prepayment, plaintiff alleges neither a contractual nor privity relationship with either CIM or CCO, and the allegations suggest no relationship with them that could have caused plaintiff's reliance or inducement (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517 [2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023